**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| WALTER ORLANDO MANCIA GUERRERO, | No.   17-73489 |
| Petitioner, | Agency No. A095-731-757 |
| v. | MEMORANDUM* |
| WILLIAM P. BARR, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted March 12, 2019**

Before:     LEAVY, BEA, and N.R. SMITH, Circuit Judges.

Walter Orlando Mancia Guerrero, a native and citizen of El Salvador,

petitions for review of the Board of Immigration Appeals' ("BIA") order denying

his motion to reopen removal proceedings.  Our jurisdiction is governed by 8

U.S.C. § 1252.  We review for abuse of discretion the BIA's denial of a motion to

---

\*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*       The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

reopen. *Najmabadi v. Holder*, 597 F.3d 983, 986 (9th Cir. 2010). We review de novo claims of due process violations in immigration proceedings. *Jiang v. Holder*, 754 F.3d 733, 738 (9th Cir. 2014). We dismiss in part and deny in part the petition for review.

We lack jurisdiction to consider Mancia Guerrero's contention that the BIA erred in denying his motion to reopen under its sua sponte authority. *See Barron v. Ashcroft*, 358 F.3d 674, 677-78 (9th Cir. 2004) (court lacks jurisdiction to review claims not presented to the agency).

In his opening brief, Mancia Guerrero does not challenge the BIA's determinations that he failed to establish changed country conditions in El Salvador to qualify for an exception to the time limitations for motions to reopen or that he failed to make a prima facie showing of eligibility for relief. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not specifically raised and argued in a party's opening brief are waived).

We reject Mancia Guerrero's contention that the BIA violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error to prevail on a due process claim).

**PETITION FOR REVIEW DISMISSED in part; DENIED in part.**

17-73489